ATYRIA S CLARK (SBN: 226295)
THE LAW OFFICE OF ATYRIA S CLARK
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 492-4032
Facsimile: (310) 496-1284
Email: communitylawfirm@gmail.com

Attorneys for Plaintiff FORCE EVENTS LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORCE EVENTS LLC, a Russian limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KASHETA CONSULTING GROUP, INC., a California corporation; JAKE KASHETA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. FRAUD (INTENTIONAL MISREPRESENTATION);<br>2. FRAUDULENT INDUCEMENT;<br>3. NEGLIGENT MISREPRESENTATION;<br>4. BREACH OF CONTRACT;<br>5. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>6. MONEY HAD AND RECEIVED;<br>7. UNJUST ENRICHMENT;<br>8. CONVERSION;<br>9. DECLARATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Force Events LLC ("Plaintiff" or "Force Events") alleges against Defendants Kasheta Consulting Group, Inc. ("KCG"), Jake Kasheta ("Kasheta"), and Does 1 through 10, inclusive (collectively, "Defendants"), as follows:

## I. NATURE OF THE ACTION

1. This action arises out of Defendants' fraudulent retention of a $500,000 payment made by or on behalf of Plaintiff for artist production services in connection with a concert by the recording artist professionally known as "Ye" (formerly Kanye West) that was scheduled for November 22, 2024, in the Russian Federation, and that never occurred. Defendant Kasheta Consulting Group, Inc., acting through its principal, Defendant Jake Kasheta, agreed to accept $500,000 in connection with production and technical services for the Event, accepted payment of the full amount, declared the payment "non-refundable," performed none of the agreed services because the underlying event was postponed and never rescheduled or performed, and has refused, despite written demand, to return any portion of the $500,000 even though Defendants provided no goods, services, or other consideration whatsoever in exchange for it.

2. Plaintiff brings this action for fraud, fraudulent inducement, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, money had and received, unjust enrichment, conversion, and declaratory relief, and seeks compensatory and consequential damages, restitution, punitive damages, prejudgment interest, declaratory relief, and costs of suit.

## II. PARTIES

3. Plaintiff Force Events LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of the Russian Federation, with its principal place of

business in Moscow, Russian Federation. Plaintiff is a citizen and/or subject of a foreign state within the meaning of 28 U.S.C. § 1332(a)(2), and none of Plaintiff's members is a citizen of the United States or domiciled in the State of California.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Kasheta Consulting Group, Inc. (identified in its own records and correspondence by the initials "KCG," and also referred to in the parties' communications as "Kasheta Consulting Group, Inc.") is, and at all relevant times was, a corporation organized under the laws of the State of California, with its principal place of business at 846 S. Broadway Street, PH05, Los Angeles, California 90014, and is therefore a citizen of the State of California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Jake Kasheta is, and at all relevant times was, an individual residing in the State of California and an officer, director, principal, and/or person in control of KCG, who at all relevant times acted on behalf of, and within the course and scope of his affiliation with, KCG, and who personally made, authorized, ratified, and/or directed the representations and conduct described herein. Kasheta is a citizen of the State of California.

6. The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names pursuant to California practice incorporated herein for pleading purposes. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant is in some manner responsible for, or participated in, the acts and damages alleged herein.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action between citizens of a State (Defendants, who are citizens of California) and a citizen or subject of a foreign state (Plaintiff, a citizen/subject of the Russian Federation), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants reside in and maintain their principal place of business within this District; the wire transfers at issue were directed to, and received into, a bank account associated with an address within this District; and Defendants have otherwise purposefully availed themselves of the privilege of conducting business within the State of California and this District such that the exercise of jurisdiction over Defendants comports with due process.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c), and because a substantial part of the events and omissions giving rise to Plaintiff's claims — including KCG's receipt of the wire transfers at issue and Defendants' refusal to refund the payment following written demand sent to Defendants' Los Angeles address — occurred in this District.

## IV. FACTUAL ALLEGATIONS

### A. The Concert Engagement and the Role of KCG and Kasheta

10. In or about October 2024, Plaintiff, acting as promoter and purchaser, engaged in negotiations, through 33 & West Talent Agency ("33 & West"), as booking agent, to present a concert by recording artist Ye (professionally known as "YE," formerly Kanye West) (the "Artist"), to headline a live event scheduled for Friday, November 22, 2024, at Gazprom Arena in Saint Petersburg, Russian Federation (the "Event").

11. On or about October 7, 2024, 33 & West issued Contract No. 13607 memorializing certain terms of the Event, including a $5,000,000 guarantee versus 90% of gross box office receipts, a deposit schedule requiring payment of $1,500,000 on October 18, 2024, $2,500,000 upon announcement of the Event, and $1,500,000 as a final balance, and identifying, among the anticipated "Production Costs" for the Event, a "$500,000 USD Buyout to Kasheta Group" to be "included within" the estimated production costs of the Event. A true and correct copy of Contract No. 13607 is attached hereto as **Exhibit A**.

12. Contract No. 13607 expressly states, in a "Non-Binding Contract Clause," that it "is intended as a preliminary and non-binding expression of the parties' understanding," that it "does not constitute a final or enforceable contract," and that "no party shall be legally bound by any terms herein unless and until a formal written agreement is executed by both parties," and that the document is legally defined as a "memoranda of understanding." Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was induced to wire substantial deposits, including the funds at issue in this action, based on representations that a binding performance contract for the Event would be furnished at a later date. No such binding performance contract for the Event was ever issued to Plaintiff.

13. Plaintiff is informed and believes, and on that basis alleges, that Defendant Kasheta is the principal of KCG and that, in connection with the Event, Plaintiff and Defendants agreed that KCG, through Kasheta, would provide tour and production direction, technical direction, and production/touring crew services for the Event in exchange for payment of $500,000, and that the $500,000 reflected, at least in part, a "buyout" fee intended to secure Kasheta's exclusive commitment to the Event, as referenced in Contract No. 13607. No

written agreement signed by Plaintiff designating the $500,000 payment as non-refundable, and no such term was ever agreed to in writing by Plaintiff.

**B. Payment of the $500,000**

14. In order to secure KCG's and Kasheta's commitment to provide production services for the Event, Plaintiff caused, arranged, and/or directed that payment of $500,000 be wired to KCG's designated bank account for Plaintiff's benefit and on Plaintiff's behalf.

15. On October 18, 2024, at approximately 7:16 p.m. EDT, a wire transfer of $100,000 was sent to KCG's account (Account No. 753834269) at JPMorgan Chase Bank, N.A. A true and correct copy of the wire transfer confirmation is attached hereto as **Exhibit B-1**.

16. Later that same day, on October 18, 2024, at approximately 7:41 p.m. EDT, a second wire transfer of $400,000 was sent to the same KCG account. A true and correct copy of this wire transfer confirmation is attached hereto as **Exhibit B-2**.

17. Together, the two wire transfers total $500,000 and were made on the same date designated by Contract No. 13607 for the initial $1,500,000 deposit for the Event, confirming that the payments were made in connection with, and as part of, the deposits required for the Event.

18. KCG accepted and retained the full $500,000 payment.

**C. Postponement of the Event and Defendants' Refusal to Refund**

19. Approximately one week before the scheduled November 22, 2024 performance date, 33 & West informed Plaintiff that the Event would need to be postponed to a later date. Defendants and 33 & West failed and refused to provide Plaintiff any reason for the postponement or any rescheduled date. The Event was never rescheduled and never took place.

20. Following the postponement, Plaintiff requested the return of all deposits paid in connection with the Event, including the $500,000 paid to KCG, given that the Event for which those funds were paid would no longer proceed as planned.

21. 33 & West returned to Plaintiff the $1,650,000 in deposits it had received.

22. KCG and Kasheta, by contrast, refused to return any portion of the $500,000. Kasheta represented to Plaintiff that the $500,000 was "non-refundable."

23. Kasheta's and KCG's representation that the $500,000 was non-refundable was false. Plaintiff is informed and believes, and on that basis alleges, that: (a) no agreement signed or agreed to by Plaintiff designated the $500,000 payment as non-refundable; (b) Contract No. 13607 — the only written agreement referencing the Kasheta Group buyout — nowhere states that any deposit or buyout payment is non-refundable and, in any event, expressly disclaims being a binding, enforceable contract; (c) neither KCG nor Kasheta ever performed, in whole or in part, any production direction, technical direction, or production/touring crew services for the Event because the Event never occurred; and (d) Plaintiff received no goods, services, or other consideration of any kind in exchange for the $500,000.

24. On May 20, 2026, Plaintiff, through prior counsel, sent a written demand letter to KCG at its Los Angeles, California address, demanding return of the $500,000 within ten (10) days and advising that Plaintiff had incurred substantial additional damages — including approximately $300,000 in unreimbursed stadium-related costs and approximately $200,000 in marketing, staffing, and permit expenses — as a result of the cancelled Event and Defendants' refusal to return the funds. A true and correct copy of the demand letter is attached hereto as **Exhibit C**.

25. More than ten (10) days have passed since Defendants received the demand letter. Defendants have not returned the $500,000, in whole or in part, and have not otherwise substantively responded to Plaintiff's demand.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, without limitation, the $500,000 principal sum wrongfully retained by Defendants, prejudgment interest thereon, and consequential damages, including but not limited to unrecouped production and venue-related expenses and tax liabilities incurred in connection with the cancelled Event.

## V. FIRST CAUSE OF ACTION

**Fraud (Intentional Misrepresentation)**

*(Against Defendants KCG and Kasheta)*

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Kasheta, acting individually and on behalf of KCG, represented to Plaintiff that the $500,000 paid to KCG in connection with the Event was "non-refundable" and would not be returned under any circumstances, including where, as here, the Event for which the funds were paid never took place and no services were ever rendered.

29. This representation was false. At the time it was made, no binding agreement between Plaintiff and Defendants designated the payment as non-refundable, and Defendants knew, or acted with reckless disregard for the truth in representing, that they had no legitimate contractual or legal basis to retain funds paid for services that were never performed.

30. Defendants knew this representation was false, or made it recklessly and without regard for its truth, and made it with the intent to induce Plaintiff to forgo prompt pursuit of a refund and to allow Defendants to retain the $500,000.

31. Plaintiff reasonably relied on Defendants' representations, including the parties' course of dealing and Defendants' demand for and acceptance of the payment in connection with the Event, and refrained from immediately pursuing legal action, to Plaintiff's detriment.

32. As a direct and proximate result of Defendants' fraud, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000, plus consequential damages, according to proof.

33. Defendants' conduct was fraudulent, oppressive, and/or malicious within the meaning of California Civil Code section 3294, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish and deter Defendants' conduct.

## VI. SECOND CAUSE OF ACTION

**Fraudulent Inducement**

*(Against Defendants KCG and Kasheta)*

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Defendants induced Plaintiff to pay $500,000 by representing, directly and through the framework established by Contract No. 13607, that the funds were necessary to secure Kasheta's and KCG's committed production and technical services for the Event, and that a binding performance agreement for the Event would follow.

36. These representations were false and/or made without a reasonable basis, in that, upon information and belief, Defendants had no genuine intention of returning any portion of the $500,000 regardless of whether the Event occurred, and no binding performance contract for the Event was ever furnished.

37. Plaintiff reasonably and justifiably relied on these representations in making the $500,000 payment.

38. Had Plaintiff known the true facts, Plaintiff would not have paid the $500,000 to KCG.

39. As a direct and proximate result of Defendants' fraudulent inducement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000, and is entitled to rescind any obligation to Defendants arising from the payment and to restitution of all amounts paid.

## VII. THIRD CAUSE OF ACTION

**Negligent Misrepresentation**

*(Against Defendants KCG and Kasheta; Pled in the Alternative)*

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. In the alternative to the First and Second Causes of Action, and without conceding that Defendants acted knowingly or intentionally, Defendants represented to Plaintiff that the $500,000 payment was non-refundable and that KCG and Kasheta would provide production and technical services in exchange for that payment.

42. These representations were false, and Defendants had no reasonable grounds for believing them to be true at the time they were made.

43. Defendants intended that Plaintiff rely on these representations, and Plaintiff reasonably relied on them to its detriment.

44. As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

## VIII. FOURTH CAUSE OF ACTION

**Breach of Contract**

*(Against Defendant KCG)*

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Plaintiff and KCG entered into an oral and/or implied-in-fact agreement (the "Services Agreement") under which KCG, through Kasheta, agreed to provide tour and production direction, technical direction, and production and touring crew services in connection with the Event in exchange for payment of $500,000, as reflected in and corroborated by Contract No. 13607's designation of a "$500,000 USD Buyout to Kasheta Group" among the Event's production costs, KCG's demand for and acceptance of the $500,000 payment, and the parties' course of conduct.

47. Plaintiff accepted and performed its obligations under the Services Agreement by tendering full payment of the agreed $500,000 amount, which KCG accepted and retained.

48. Plaintiff performed all conditions, covenants, and promises required of it under the Services Agreement, including full payment of the agreed amount.

49. KCG breached the Services Agreement by failing and refusing to provide any of the agreed tour and production direction, technical direction, or production/touring crew services, and by failing and refusing to refund the $500,000 payment after it became clear that no services would or could be rendered because the Event did not occur.

50. As a direct and proximate result of KCG's breach, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000, plus prejudgment interest.

## IX. FIFTH CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

*(Against Defendant KCG)*

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Implied in the Services Agreement was a covenant that KCG would act in good faith and deal fairly with Plaintiff, and would not do anything to deprive Plaintiff of the benefits of the Services Agreement.

53. KCG breached the implied covenant of good faith and fair dealing by, among other things, retaining the $500,000 payment despite performing no services, unilaterally and without contractual basis declaring the payment non-refundable, and refusing Plaintiff's reasonable request for a refund once the Event on which the Services Agreement depended failed to occur.

54. As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $500,000.

## X. SIXTH CAUSE OF ACTION

**Money Had and Received**

*(Against All Defendants)*

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. Defendants received $500,000 that, in equity and good conscience, belongs to Plaintiff, because the funds were paid for services that were never rendered and for an Event that never occurred.

57. Defendants have refused, and continue to refuse, to pay this sum to Plaintiff notwithstanding Plaintiff's demand.

58. Plaintiff is entitled to recover $500,000 from Defendants, plus interest, as money had and received for Plaintiff's use and benefit.

## XI. SEVENTH CAUSE OF ACTION
**Unjust Enrichment**
*(Against All Defendants; Pled in the Alternative)*

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. In the alternative, and to the extent no enforceable contract is found to exist between Plaintiff and KCG, Defendants have been unjustly enriched by their receipt and retention of the $500,000 paid by or on behalf of Plaintiff, for which Defendants provided no corresponding benefit, service, or consideration.

61. It would be inequitable and unjust for Defendants to retain the benefit of the $500,000 under the circumstances alleged herein.

62. Plaintiff is entitled to restitution and disgorgement of the $500,000, plus interest, according to proof.

## XII. EIGHTH CAUSE OF ACTION
**Conversion**
*(Against All Defendants)*

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. Plaintiff had a right to immediate possession of the $500,000 upon the failure of the Event and Defendants' failure to render any services, and upon Plaintiff's subsequent demand for return of the funds.

65. Defendants intentionally and substantially interfered with Plaintiff's property interest in the $500,000 by wrongfully retaining and refusing to return those specific, identifiable funds despite Plaintiff's demand.

66. As a direct and proximate result of Defendants' conversion, Plaintiff has been damaged in the amount of $500,000, plus interest, and Plaintiff is further entitled to punitive damages given Defendants' willful and oppressive conduct.

## XIII. NINTH CAUSE OF ACTION
**Declaratory Relief**
*(Against All Defendants)*

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and obligations with respect to the $500,000 paid to KCG in connection with the Event. Plaintiff contends that Defendants' assertion that the $500,000 is "non-refundable" is unenforceable, void, and/or inapplicable because, among other reasons, no such term was ever agreed to by Plaintiff in writing or otherwise, it purports to allow Defendants to retain full payment despite total failure of consideration, and it is inconsistent with Contract No. 13607, which expressly disclaims creating any binding or enforceable obligation. Plaintiff is informed and believes that Defendants dispute this contention and contend that they are entitled to retain the $500,000 regardless of whether any services were performed.

69. Plaintiff seeks a judicial declaration, pursuant to 28 U.S.C. §§ 2201–2202, that: (a) Defendants' assertion that the $500,000 is "non-refundable" is unenforceable and void; (b) Defendants were not entitled to retain the $500,000 given the total failure of consideration; and (c) Plaintiff is entitled to the return of the $500,000, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory/general damages according to proof, but not less than $500,000;
2. For consequential damages according to proof;
3. For restitution and disgorgement of all sums by which Defendants have been unjustly enriched;
4. For punitive and exemplary damages on the First, Second, and Eighth Causes of Action, in an amount sufficient to punish and deter Defendants' conduct;
5. For a judicial declaration of the parties' rights and obligations as set forth in the Ninth Cause of Action;
6. For prejudgment interest at the maximum legal rate allowed by law;
7. For costs of suit incurred herein; and
8. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 23, 2026

Respectfully submitted,

**THE LAW OFFICE OF ATYRIA S CLARK**

By: /s/Atyria S. Clark
Atyria S Clark, Esq.
Attorney for Plaintiff
FORCE EVENTS LLC

## INDEX OF EXHIBITS


| TAB | DESCRIPTION | PAGES |
|---|---|---|
| **A** | Copy of Contract No. 13607 | 16 |
| **B-1** | October 18, 2024 Wire Transfer Confirmation at 7:16PM | 22 |
| **B-2** | October 18, 2024 Wire Transfer Confirmation at 7:41PM | 23 |
| **C** | Copy of Demand Letter dated May 20, 2026 | 24 |